UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SUZANNE MATTHEWS,

       Plaintiff,

  v.

CORNING, INC.,

       Defendant.
_____

<u>DECISION & ORDER</u>

08-CV-6323L

    Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, alleging that defendants have discriminated against her on the basis of her sex, subjected her to a hostile work environment and retaliated against her. (Docket # 1). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 8). For the following reasons, plaintiff's motion is denied.

    It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 42 U.S.C. § 2000e-5(f)(1), a court may appoint an attorney to represent a complainant in a Title VII action. *See, e.g.*, *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003). Such assignment of counsel is clearly within the judge's discretion. *Id.* The factors to be considered in deciding whether or not to assign counsel include the following:

    1. Whether the indigent's claims seem likely to be of substance;

    2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Id.* (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *see also Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Ferelli*, 323 F.3d at 203, and *Hodge*, 802 F.2d at 61, that the appointment of counsel is not necessary at this time. First, Ms. Matthews has failed to adequately show why she cannot retain an attorney at her own expense. She has not applied to proceed *in forma pauperis* and has not shown a financial need for a court-appointed attorney. Second, as stated above, a plaintiff seeking the appointment of counsel must

demonstrate a likelihood of success on the merits.  *See id.*  This, Ms. Matthews has failed to do.  Moreover, the legal issues in this case do not appear to be complex, nor do there appear to be special reasons why appointment of counsel would be more likely to lead to a just determination.  It is therefore the Decision and Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 8)** is **DENIED** without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                      *s/Marian W. Payson*
                                      MARIAN W. PAYSON
                                 United States Magistrate Judge

Dated: Rochester, New York
       April   1  , 2009