UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUZANNE MATTHEWS,

                       Plaintiff,

        v.

CORNING INC.,

                       Defendant.
_____

DECISION & ORDER

08-CV-6323L

        Suzanne Matthews ("Matthews") has filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, alleging that defendant Corning Inc. ("Corning") discriminated against her on the basis of her gender, subjected her to a hostile work environment and retaliated against her. (Docket # 50). Matthews alleges, *inter alia*, that she was denied management opportunities because of her sex (Docket # 50 at ¶¶ 37-40, 55-56, 104-106); she was given additional work responsibilities because she is female (*id*. at ¶¶ 42-45); and, in retaliation for complaining about her treatment, she was unfairly blamed for a defective work product (*id*. at ¶¶ 75, 83-87).

        Currently before this Court is Matthews's motion to compel responses from Corning to two separate requests for production of documents. (Docket # 32). Corning has cross-moved for a protective order. (Docket # 35). Oral argument was held on the matter on October 13, 2009 (Docket # 49), after which the parties submitted supplemental memoranda.

**DISCUSSION**

The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be discoverable, the information "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The relevance standard is thus commonly recognized as one that is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). *See Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery of admissible evidence"); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988) (term "reasonably calculated" in Rule 26(b)(1) means "any possibility that the information sought may be relevant" to a party's claim or defense) (internal quotations omitted).

Matthews's document requests are broad in subject matter, ranging from proper requests for documents relating to Corning's internal investigation of her claims to seemingly irrelevant requests for emails regarding extramarital affairs and personal lives of other employees. (Docket # 32). Corning alleges that it has produced over seven hundred pages of responsive documents and that the remainder of Matthews's requests are irrelevant or overbroad. (Docket # 39 at ¶ 5).

Having reviewed the parties' submissions, I conclude that both motions should be granted in part and denied in part. This Court finds that, with few exceptions, Corning has

responded to the vast majority of Matthews's proper requests. For example, Corning has provided Matthews with a complete copy of her personnel file and her performance evaluations, documents related to Corning's internal investigation of Matthews's claims of discrimination, relevant emails, and relevant Corning policies and procedures. (Docket # 39 at ¶ 5). Those requests as to which Corning's responses are potentially deficient are addressed below.

I. **Complaints by Burt and Delaney**

At oral argument, Matthews represented that she was aware that two Corning employees, Rebecca Burt and Diana Delaney, had complained of discrimination by some of Matthews's alleged harassers, but that Corning had not produced any documents reflecting such complaints. (*See* Docket # 37 at 2, 5, 6, 7 (Request Nos. 2, 4, 5, 6, 7)). Evidence of similar complaints of discrimination against other employees by the same alleged perpetrators is relevant to Matthews's claims and is discoverable. *Lieberman v. Gant*, 630 F.2d 60, 68 (2d Cir. 1980) ("[e]vidence of general patterns of discrimination by an employer is relevant even in an individual disparate treatment case"); *Louison v. Blue Cross Blue Shield of Greater New York*, 1990 WL 108347, *1 (S.D.N.Y. 1990) (plaintiff's document requests seeking information regarding other complaints of discrimination were relevant); *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42, 48 (W.D.N.Y. 1986) (same). For this reason, at oral argument this Court instructed Corning to search again for documents referencing complaints by Burt or Delaney.

By letter dated October 23, 2009, Corning advised that its search did not uncover any "written complaints" made by either Burt or Delaney. (*See* Corning letter dated October 23, 2009). In response, Matthews has provided a copy of an email which references a complaint by

Delaney. (*See* Matthews letter dated October 26, 2009). On this record, although no basis exists to question Corning's representation that it has no record of written complaints by Burt or Delaney, it may have documents referencing or relating to verbal complaints by them. If so, they must be produced. Accordingly, Corning is directed to search for documents reflecting or concerning any verbal complaints of gender discrimination by Burt or Delaney. Any responsive documents shall be produced by no later than **November 30, 2009**.

II. **Email from Cites to Terry**

At oral argument, Matthews explained her belief that Corning has failed to turn over a relevant email sent by one of her supervisors, Jeffrey Cites, to another of her supervisors, Johnny Terry. (*See* Docket # 37 at 3-4 (Request No. 3)). Specifically, Matthews claims that Terry told her about an email sent by Cites in early November 2006 stating that Matthews had improperly resigned from her job. Counsel for Corning represented that Corning had searched unsuccessfully for the email and that both Cites and Terry has testified at their depositions that no such email had ever existed. Counsel for Corning is directed to confer with Ronald Brought, Corning's representative responsible for searching its electronic databases, and provide a supplemental affidavit describing the steps undertaken to search for the email described by Matthews. The supplemental affidavit shall be filed by no later than **November 30, 2009**.

III. **Comparator Information**

At oral argument, this Court also addressed Matthews's request for information regarding promotions and awards received by similarly-situated male coworkers. (*See* Docket

# 37 at 13 (Request No. 2)). Matthews was instructed to provide Corning with a list of coworkers so that Corning could gather the relevant documents for the period 2005 to 2007. In her post-argument submission, Matthews provided the names of five males and two females in her peer group. (*See* Matthews letter dated October 20, 2009). Corning has since provided the requested information for all of the individuals identified by Matthews. (*See* Corning letter dated November 4, 2009). Accordingly, this dispute is now moot.

## IV. Period and Quarterly Reports

At oral argument, the Court also addressed Matthews's request for "period and quarterly reports" of three employees, Jeffrey Cites, David Dawson-Elli, and Cynthia Giroux, during the period December 2004 to the present. (*See* Docket # 37 at 24 (Request No. 17)). Matthews argues that these reports are relevant to her claim of retaliation because she believes that they will show that other employees were improperly credited for work that she in fact had performed. (Docket # 32 at 34). Corning opposes Matthews's request on the grounds that the reports are irrelevant and contain confidential information pertaining to other employees. (Docket # 37 at 24). At oral argument, Matthews represented that, as a member of the same work team as Cites, Dawson-Elli and Giroux, she had access to the reports when they were prepared.

In its October 23, 2009 post-argument letter, Corning states that the reports are not "public documents" and were "generally shared only between a supervisor and a subordinate," and reiterates its confidentiality concerns. I find that the reports from the period December 2004 through January 2007 are relevant to Matthews's claim of retaliation. To alleviate Corning's

5

concerns about the disclosure of potentially sensitive material in the reports, however, Corning may elect to produce the reports to Matthews pursuant to the terms of a confidentiality order or to produce them to this Court for *in camera* review. Should Corning choose to submit them for *in camera* review, the reports should be submitted in unredacted form, along with proposed redacted copies reflecting suggested redactions of purportedly confidential information.

## V. Climate Surveys

Matthews additionally seeks the results of certain "corporate climate surveys" conducted by Corning. (Docket # 37 at 10 (Request No. 11)). In accordance with this Court's instruction at oral argument, Corning has provided to this Court for *in camera* review the results of a 2006 survey taken of the Corning Professional Women's Forum. Based on my review of the survey results, I find that the climate surveys that Matthews requests are too attenuated in subject matter from the issues in this lawsuit to require their production. Therefore, Matthews's motion to compel the surveys is denied.

## VI. Remaining Discovery Requests

Matthews also requests that Corning prepare a list of the following information:

> all positions during the years ending 2006 and 2008 within S&T including MTE that are reserved for high potential individuals . . . and the names or redacted data for the incumbents for that year segmented by department, job title, mail stop, project assigned, project role, whether role is reserved for High Potential people, degree, university, year graduated, year hired, base salary, total salary, band, prior engineering experience, gender, whether individual took spouse's last name, number of children, whether individual is a spouse or child or relative of a past or present

> D-band or higher employee, race and national origin, and the
> gender, race and national origin of the prior 3 incumbents of the
> position as applicable.

(Docket # 37 at 11 (Request No. 12)). Corning objects to the request as overbroad and irrelevant. (Docket # 37 at 11). While much of the information Matthews seeks is irrelevant, information about which positions within her division were reserved for "high potential"[1] employees and who was promoted to them during 2004 through 2007 is relevant to her claim that she was denied management positions on the basis of her gender during that period. Accordingly, Corning is directed to provide Matthews with any documents reflecting such information by no later than **November 30, 2009**.

Other than as noted herein, I find that Corning has responded adequately to the remainder of Matthews's proper requests.[2]

## CONCLUSION

For the foregoing reasons, Matthews's motion to compel **(Docket # 32)** is **GRANTED in PART** and **DENIED in PART**. Corning's motion for a protective order

---

[1] At oral argument, Matthews represented that "high potential" is a human resources term used by Corning.

[2] Various of the requests are improper. For example, one clearly irrelevant request by Matthews seeks all emails and documents regarding a coworker's "affair with a Frenchman whom she believes fathered her daughter." (Docket # 32 at 29). Others seek similarly irrelevant and private information and are denied on that basis.

7

**(Docket # 35)** is **GRANTED in PART** and **DENIED in PART**. Corning shall provide to Matthews any remaining discovery by no later than **November 30, 2009.**

**IT IS SO ORDERED.**

                                                                        _s/Marian W. Payson_
                                                                         MARIAN W. PAYSON
                                                                  United States Magistrate Judge

Dated: Rochester, New York
       November   6  , 2009