UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUZANNE MATTHEWS,

      Plaintiff,

v.

CORNING INC., et al.,

      Defendants.

DECISION & ORDER

08-CV-6323L

---

  Currently pending before this Court are several motions by the parties in the above-captioned matter. Oral argument on all of the motions was held on April 14, 2010. This Court has considered the written submissions of both parties, and for the reasons more fully explained on the record on April 14, 2010, it is hereby

  ORDERED, that plaintiff's motion for default admissions **(Docket # 75)** is **DENIED**. However, Corning shall respond to requests 4, 21, 25 and 26 from the first set of requests for admissions and requests 27, 28, 29 and 31 from the second set within thirty days of the date of this order. It is further

  ORDERED, that Matthews's motion for a confidentiality order and *in camera* review of her medical records **(Docket # 79)** is **GRANTED in part and DENIED in part**. Matthews shall execute medical releases for all medical providers with whom she treated and consulted during the period January 1, 2005 and December 31, 2009. The medical releases shall provide that the medical records be returned to this Court, following which plaintiff may propose redactions to those records prior to disclosure to counsel for defendants. Further, absent further

order of this Court, only Corning counsel, both in-house and outside, and defense experts shall be permitted to view Matthews' medical records. It is further

ORDERED, that plaintiff's motion for a restraining order **(Docket # 81)** is **DENIED** and defendants' motion to prohibit Matthews from communicating with Corning employees Gary Pease and Rebecca Burt **(Docket # 88)** is **GRANTED.** As discussed more fully on the record, Corning shall issue a communication to the remainder of its employees with whom Matthews has provided notice that she wishes to communicate. Corning's communication to its employees shall comply with the directives that this Court gave on the record on April 14, 2010. Matthews must conduct any informal witness interviews within thirty days of Corning's issuance of the communication to the listed employees. It is further

ORDERED, that plaintiff's motion to compel and for sanctions **(Docket # 92)** is **GRANTED in part** and **DENIED in part**. Corning shall provide any additional discovery as discussed on the record on April 14, 2010 within thirty days of the date of this Order. It is further

ORDERED, that plaintiff's motion to compel production of deponents and leave to notice additional deponents **(Docket # 98)** is **DENIED**. Matthews may conduct the three remaining depositions upon twenty days notice, but shall not be permitted to be assisted by counsel unless counsel files a formal notice of appearance indicating that counsel will be representing the plaintiff in this litigation. *See*, *e.g.*, *Iannaccone v. Law*, 142 F.3d 55, 558 (2d Cir. 1998) (citing *O'Reilly v. New York Times Co.*, 692 F.2d 863, 868 (2d Cir. 1982)); *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) (citing *Ennis v. LeFevre*, 560 F.2d at 1075; *United States v. Cyphers*, 556 F.2d 630, 634 (2d Cir.), *cert. denied*, 431 U.S. 972 (1977)), *cert. denied*, 493 U.S. 1081 (1990); *O'Reilly v. New York Times Co.*, 692 F.2d 863, 868 (2d Cir.

1982). Finally, it is further

ORDERED, that the fact discovery deadline in this case shall be extended until **June 14, 2010** for the limited purposes described herein.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated:  Rochester, New York
         April __15__, 2010