UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUZANNE M. MATTHEWS,

                            Plaintiff,

                                                                      <u>DECISION AND ORDER</u>

                                                                        08-CV-6323L

                            v.

CORNING INCORPORATED,
DAVID DAWSON-ELLI,
MICHAEL MOORE,
CYNTHIA GIROUX,
MARC GIROUX,
as aider and abettors,

                            Defendants.
_____

## **INTRODUCTION**

      Plaintiff Suzanne Matthews ("Matthews"), proceeding *pro se*, brings this action alleging that defendants Corning Incorporated ("Corning"), David Dawson-Elli, Michael Moore, Cynthia Giroux, and Marc Giroux (collectively the "defendants"), discriminated and retaliated against her with respect to her employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York Human Rights Law, N.Y. Exec. Law §239 et seq.

      In summary, Matthews alleges that while she was employed with Corning's Melting Department, her supervisor, other department heads and a production superintendent discriminated against her on the basis of her gender by harassing her and denying her promotion

opportunities, and retaliated against her for complaining about the allegedly gender-based denial of a promotion.

On May 1, 2007, Matthews filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR"), which charge was also filed with the Equal Employment Opportunity Commission ("EEOC"). In that charge, Matthews alleged that Corning had subjected her to sex-based discrimination and retaliation. The EEOC found that there was insufficient evidence to substantiate Matthews' claims, and issued a right to sue letter on April 29, 2008.

The instant action was initiated on July 23, 2008. The defendants now move for dismissal of some of Matthews' claims pursuant to Fed. R. Civ. Proc. 12(b)(6), on the grounds that those claims are insufficiently stated and/or untimely. For the reasons set forth below, the District's motion to dismiss (Dkt. #53) is granted, and the claims set forth in paragraphs 18-67 of the Amended Complaint are dismissed.

**DISCUSSION**

**I.      Standard for Dismissal Pursuant to Fed. R. Civ. Proc. 12(b)(6)**

In deciding whether a complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6), a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "a plaintiff's

obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, "[t]o withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient to 'state a claim for relief that is plausible on its face.'" *Lueck v. Progressive Ins.*, 2009 U.S. Dist. LEXIS 96492 at *4 (W.D.N.Y. 2009), *quoting Bell Atlantic Corp.*, 550 U.S. 544 at 570.

## II. Matthews' Claims In Paragraphs 18-67 of the Amended Complaint Are Time-Barred

Initially, Matthews' Title VII claims for denial of promotions, discrimination, and retaliation – all of the claims set forth in paragraphs 18-67 of the Amended Complaint (Dkt. #16-1, #50) are time-barred.  Where a plaintiff fails to file an administrative charge within 300 days of the complained-of actions, the plaintiff is barred from thereafter initiating a lawsuit in federal court based upon those actions. *See* 42 U.S.C. §2000e-5; *McDonnell Douglas Corp.*, 411 U.S. 792 at 798-99; *McCahill v. Schottenstein Corp.*, 2005 U.S. Dist. LEXIS 5782 at *3-*4 (W.D.N.Y. 2005), *citing Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sense of sympathy for particular litigants").

The 300-day limitation period begins to run, for each discrete act of alleged discrimination or retaliation, on the date that the act – such as termination, failure to promote, or refusal to hire – takes place. *See AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002).

In this case, Matthews filed her initial charge of discrimination with the NYSDHR on April 30, 2007. Thus, only acts occurring in the preceding 300 days – that is, acts which occurred on or after July 4, 2006 – are actionable. Accordingly, Matthews' allegations of discrimination and retaliation in paragraphs 18-67 of the Amended Complaint, including denial of particular promotions in 1996, 2005 and June 2006, specific changes to her job responsibilities in 1996, January 2006 and June 2006, and retaliatory conduct in 1996 and April 2005 are time-barred. Matthews' claims of hostile work environment premised upon activities which she describes between 2005 and June 2006 are also untimely.

Matthews initially concedes the untimeliness of the claims at issue, but suggests that her non-compliance should be excused, inter alia, because the defendants' conduct constituted a continuing violation. Under the continuing violation exception to the 300-day limitations period, "a plaintiff who files a timely EEOC charge about a particular discriminatory act committed in furtherance of an ongoing policy of discrimination extends the limitations period for all claims of discriminatory acts committed under the policy" even if certain of the allegations would otherwise have been time-barred. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997).

Here, Matthews has not alleged a course of similar conduct, or an ongoing policy of engagement in discrimination: rather, Matthews alleges a series of distinct and dissimilar actions, involving different defendants and non-party Corning employees, and entirely different circumstances. These include allegations of sexist comments in March 2005 by defendant Moore, comments by a coworker concerning rumors that Matthews had engaged in an affair with another employee in 2005, "defamation" by defendant Dawson-Elli in the form of criticism of Mathews'

group's performance in April 2006, belittlement of Matthews' demeanor by an employee in June 2006, and a report to a promotion committee by a manager describing Matthews as "unstable" and "high maintenance." (Dkt. #16-1, #50 at ¶¶64-66). Matthews makes no plausible allegation that these actions resulted from a single "discriminatory policy or mechanism," or even that they are attributable to Corning rather than to various individuals acting independently, and I therefore find that Matthews has not alleged a continuing violation sufficient to excuse her failure to file a timely administrative charge with respect to them. *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998). *See also AMTRAK v. Morgan*, 536 U.S. 101, 111 (2002) (in order to comprise a continuing violation, conduct must be "composed of a series of separate acts that collectively constitute one unlawful employment practice"); *Corona Realty Holding, LLC v. Town .v North Hempstead*, 2010 U.S. App. LEXIS 13073 at *3 (2d Cir. 2010) ("[d]iscrete acts of discrimination that are not part of a discriminatory policy or practice, however, cannot be continuing violations"); *Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004) (same).

In an attempt to rescue her untimely claims, Matthews also relies upon the Lily Ledbetter Fair Pay Act, Pub. L. No. 111-2, and suggests that each and every paycheck she received constituted a fresh act of discrimination or retaliation that was premised upon, or otherwise revisited, the previous and untimely complained-of acts. Specifically, Matthews claims she was discriminatorily denied certain promotions, and that therefore each subsequent paycheck, which reflected her own salary rather than that of the promotion she had unsuccessfully sought, constituted a new discriminatory act.

Matthews' reliance on the Ledbetter Act is misplaced. Although the Ledbetter Act was enacted relatively recently, its scope is limited to claims of discriminatory compensation practices,

and courts interpreting it have uniformly held that it does not apply to generalized discrimination claims, including failure to promote. *See Richards v. Johnson & Johnson, Inc.*, 2009 U.S. Dist. LEXIS 46117 at *31 (D. N.J. 2010) (collecting cases); *Rowland v. Certainteed Corp.*, 2009 U.S. Dist. LEXIS 43706 at *2 (E.D. Pa. 2009); *Vuong v. New York Life Ins. Co.*, 2009 U.S. Dist. LEXIS 9320 at *29 et seq. (S.D.N.Y. 2009). Matthews' claims are garden-variety discrimination claims, and she does not purport to allege that she was compensated differently from similarly-situated men, or otherwise claim discriminatory compensation. Accordingly, her claims arising prior to July 4, 2006 are time-barred.

Many of Matthews' claims are also insufficiently stated. To the extent that Matthews alleges a generalized denial of unspecified promotions (Dkt. #16-1, #50 at par. 27) rather than the denial of particular opportunities for which she applied, such allegations fail to state a claim. *See Petrosino v. Bell Atlantic*, 385 F.3d 210, 226 (2d Cir. 2004); *Brown v. Coach Stores*, 163 F.3d 706, 710 (2d Cir. 1998). Even if Matthews' hostile work environment claims were timely, I find that her allegations do not describe actions which are sufficiently regular, humiliating or offensive to rise to the level of a hostile work environment. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (in order to establish a hostile work environment in violation of Title VII, a plaintiff must demonstrate that her workplace was permeated with "discriminatory intimidation, ridicule, and insult ... sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," as well as show a specific basis for imputing the conduct that created the hostile work environment to her employer); *Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d Cir. 1999) ("Title VII is not a 'general civility code,'"). *See also Clark County School District v. Breeden*, 532 U.S. 268, 270 (2001) (conduct must be severely

threatening or humiliating to rise to the level of a hostile work environment); *Kotcher v. Rosa & Sullivan Appliance Ctr.*, 957 F.2d 59, 62 (2d Cir. 1992) ("incidents must be repeated and continuous; isolated acts or occasional episodes will not merit relief").

Finally, Matthews has failed to allege any factual basis for imputing liability for the alleged hostile work environment to Corning. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 (2d Cir. 1995) (where alleged harassment is by coworker or low-level supervisor not relying upon his supervisory authority, employer will generally not be liable unless it provided no reasonable means of complaint, or knew of the harassment but failed to stop it).

## CONCLUSION

For the foregoing reasons, I find that Matthews has failed to exhaust her administrative remedies by filing a timely administrative charge with respect to the claims of discrimination and retaliation alleged in paragraphs 18-67 of the Amended Complaint, and that Matthews' claims concerning generalized denials of promotion and the imposition of a hostile work environment fail to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6). Accordingly, defendants' motion to dismiss the claims asserted in paragraphs 18-67 of the Amended Complaint (Dkt.#53) is granted, and those claims are dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 16, 2010.